In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-504 CR


____________________



MICHAEL DEVELLE HENDERSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 16,494






MEMORANDUM OPINION


 A jury convicted Michael Develle Henderson of aggravated robbery following his
plea of guilty to the offense. The jury sentenced Henderson to twenty-five years'
confinement in the Texas Department of Criminal Justice, Institutional Division. Henderson
appeals raising five issues.

 Lorene Rentaria was 80 years of age on the date of the robbery. Around 2:00 a.m.,
two men broke through her front door and assaulted her, demanding money. They stole her
television. Subsequent to the trial court denying Henderson's motion to suppress, he pleaded
guilty. 

 Issues one through four argue the trial court erred in denying Henderson's motion to
suppress his written statement to police. Detective Mike Parrish was investigating the
robbery of Rentaria when he recovered the stolen television and received information linking
Henderson to the television. Parrish then prepared a probable cause affidavit and warrant
charging Henderson with an earlier felony theft involving a stolen go-cart. Henderson was
arrested and at the police station gave a statement regarding the robbery of Rentaria. 
Henderson contends there were two material omissions from the affidavit supporting the
arrest warrant; thus the warrant lacked probable cause and the resulting custodial statement
is inadmissible.

 The affidavit avers Mike Fuller reported a go-cart had been stolen by three unknown
black males, who left Fuller's business with it in the back of a Ford truck belong to Arbie
Armstead. Armstead stated he had loaned the truck to Marvin Smith, Brian Cooper and
Michael Henderson. Parrish interviewed Cooper, who stated he witnessed Smith and
Henderson in possession of the stolen go-cart and had assisted them in selling it to Mike
Mitchell. The stolen go-cart was recovered from Dioncio Corona, who said he purchased it
from Mitchell.

 Henderson first claims Detective Parrish knew Brian Cooper lied about selling the go-cart to Mike Mitchell. The basis of Henderson's claim is that Mitchell had said he did not
buy the go-cart from anyone, he found it in a field. This contention ignores that, according
to the affidavit, Cooper's information is corroborated by Dioncio Corona, who said he
purchased it from Mitchell. Henderson has not demonstrated that Cooper lied, much less that
Detective Parrish was aware of it.

 Second, Henderson charges that Detective Parrish omitted from the affidavit that
Cooper was an accomplice. While the affidavit does not call Cooper an "accomplice," his
involvement is clear from the facts recited. Therefore Cooper's reliability, or lack thereof,
was not concealed from the neutral magistrate. Issues one through four are overruled.

 Issue five contends Henderson's written statement failed to meet the requirements of
article 38.22. See Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 1979 & Supp. 2004). 
We disagree. The written statement clearly contains the required warnings. As to the
waiver, we find it substantially complies with article 38.22(2)(b). (1) See Garcia v. State, 919
S.W.2d 370, 378-79, 387 (Tex. Crim. App. 1996) (op. on rehearing); Castelan v. State, 54
S.W.3d 469, 480 (Tex. App.--Corpus Christi 2001, no pet.); Gutierrez v. State, 945 S.W.2d
287, 290 (Tex. App.--San Antonio 1997, no pet.). Issue five is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

 

Submitted on December 29, 2003 

Opinion Delivered January 28, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. It provides, "I hereby state that this statement is given of my own free will, and that
I have not made a request for the advise [sic] or presence of a lawyer before or during any
part of this statement, nor at any time before it was finished did I request that this statement
be stopped. I also declare that I was not told or prompted what to say in this statement."